UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIDI ORTIZ LOPEZ,<br>Petitioner,<br>v.<br>JEREMY CASEY, et al.<br>Respondents. | Case No.: 26-cv-4921-BJC-JAC<br>**ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**<br>**[ECF Nos. 1, 5]** |

On August 28, 2026, Petitioner Ridi Ortiz Lopez, represented by counsel, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1. On September 9, 2026, Respondents filed a return. ECF No. 6. Petitioner did not file a traverse. For the foregoing reasons, the Court grants in part Petitioner's Petition for a Writ of Habeas Corpus.

## I. BACKGROUND

Petitioner, a citizen and national of Honduras, entered the United States in April 1996 and has resided in the United States ever since. ECF No. 1 at ¶¶ 2-3. For the past 30 years, Petitioner has "set[] down roots both personally and professionally," by, for example, obtaining consistent employment and having a family. *See id.* at ¶¶ 29-33. Petitioner also "has no criminal history" and "ha[d] never been arrested, cited, charged, or

convicted of an enumerated offense[.]" *Id*. at ¶¶ 36-37. On August 13, 2026, Petitioner was detained by Immigration and Customs Enforcement ("ICE"). *Id*. at ¶¶ 4, 34. Petitioner alleges he was stopped solely due to racial profiling because he was not committing a crime or a traffic violation at the time he was detained. *Id*.

On August 28, 2026, Petitioner filed a Petition for Writ of Habeas Corpus, alleging that his detention, without notice or an opportunity to be heard, as well as his continued prolonged detention without a hearing, violates his due process rights. *See* ECF No. 1. Following his detention, Petitioner alleges he was not provided "an individualized custody determination" and that the "blanket denial of a bond hearing" deprived him of due process. *Id*. at ¶¶ 63-64. On September 9, 2026, Respondents filed a return, acknowledging that Petitioner, as an unadmitted noncitizen present in the interior of the United States, is subject to detention under 8 U.S.C. § 1226(a)—not § 1225. ECF No. 5 at 1. Pursuant to Section 1226(a), Respondents contend that a noncitizen is permitted to request a bond hearing by an immigration judge at any time before a final order of removal is issued. *Id*. at 2. In their return, Respondents stated that they do "not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)," but they requested that, if the Court issued an order directing this relief, Respondents be provided fourteen days from the issuance of the order to hold a bond hearing for Petitioner. *Id*. Petitioner did not file a traverse.

## II. <u>LEGAL STANDARD</u>

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Under 28 U.S.C. § 2241, a district court has authority to grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Petitioner bears the burden of demonstrating that "[h]e is in custody in

violation of the Constitution or laws or treaties of the United States." *Id*.

Noncitizens present without admission who are apprehended in the interior of the United States are subject to 8 U.S.C. § 1226(a). *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026). Section 1226(a) provides that a "[noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." Noncitizens detained pursuant to Section 1226(a), may request a custody redetermination (*i.e.*, a bond hearing) by an immigration judge at any time before a final order of removal is issued. *See* 8 U.S.C. § 1226(a); 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1), 1003.19. Although Section 1226 allows for the possibility of bond, noncitizens "may be denied bond and held pending their removal proceedings if they pose flight risks or dangers to the community." *Rodriguez Vazquez*, 183 F.4th at 1165; *see also Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209-10 (9th Cir. 2022) (no deprivation of due process where petitioner received a bond hearing but was denied bond upon a finding that he was likely a potential danger to community).

## III. DISCUSSION

Respondents do not contest that Petitioner was detained without notice or an opportunity to be heard and that, since his detention, Petitioner has not received a bond hearing pending his ongoing removal proceedings. *See* ECF No. 4; ECF No. 1 at ¶¶ 41, 61-64. Respondents also concede that Petitioner, as "an unadmitted [noncitizen] present in the interior of the United States," is "subject to detention under 8 U.S.C. § 1226(a)," which allows a noncitizen to request a bond hearing prior to the issuance of a final order removal. ECF No. 4 at 2.

The Court finds that Petitioner is entitled to a bond hearing under Section 1226(a). Accordingly, the Court **GRANTS** the Petition for Writ of Habeas Corpus in part (ECF No. 1) and orders the following:

1. Respondents are **ORDERED** to hold a bond hearing within fourteen (14) days of this Order and cannot deny bond at the hearing based on 8 U.S.C. § 1225;
2. Respondents are **ENJOINED** from transferring Petitioner before a bond hearing

takes place;

3. Petitioner's request for immediate release is **DENIED** without prejudice; and
4. Petitioner's request for attorneys' fees and costs is **DENIED** without prejudice to Petitioner filing an appropriate application for fees.

The Clerk of the Court shall close this matter.

**IT IS SO ORDERED**.

Dated: October 27, 2026

Honorable Benjamin J. Cheeks
United States District Judge